**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**THADDEUS L. JARVIS**                                                                **PLAINTIFF**

**VS.**                                                          **CIVIL ACTION NO. 3:17cv210-CWR-LRA**

**WARDEN BRIAN WATSON, ET AL**                                  **DEFENDANTS**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Thaddeus L. Jarvis [hereinafter "Plaintiff" or "Jarvis"] filed his Complaint on March 28, 2017, and an omnibus hearing was conducted in his case on March 27, 2018. Thereafter, on August 7, 2018, Defendants Kimyuana Jackson and Dr. Mohammed Zein filed a Motion for Summary Judgment [41]. This motion is now before the undersigned United States Magistrate Judge for Report and Recommendation on the merits. Other motions were filed by the parties thereafter, but a separate Report and Recommendation will be entered regarding those motions at a later date.

Jurisdiction of this case is based upon 42 U.S.C. §1983. Plaintiff was housed as a pretrial detainee at the Madison County Jail in Madison, Mississippi, from September 28, 2016, through July 13, 2017 [50-2, p. 1, ¶ 4]. He was from Louisiana and not affiliated with any Mississippi inmates or gangs. He began having trouble with three inmates and feared for his safety. According to Plaintiff, on November 14, 2016, he requested to be moved away from these inmates. Yet Defendants never moved him, and, on December 4,

2016, he was assaulted by the three inmates. His front tooth was cracked in half; four teeth were chipped; he had a gash on the top of his head; and, his right eye was injured. He now has trouble with his peripheral vision in that eye.

Plaintiff alleges that he did not receive appropriate medical care from the medical staff, including Defendant Head Nurse Kimyuana Jackson and Dr. Mohammed Zein. In his Complaint, Jarvis alleges that he was treated after the incident and x-rays were taken due to his eye injury. However, he charges that these Defendants "failed to do any follow-up exams on plaintiff." Complaint [1, p. 5]. As a result, Jarvis claims that his eye injury worsened, causing him vision problems in his right eye.

Jarvis charged that Defendants Warden Watson, Lt. Thomas Strait, Lt. Tamarrius A. Jones, Deputy Jeremiah Thornton, and Officer William Irwin, all failed to protect him from the assault by the other inmates. The full transcript of Plaintiff's testimony is filed as ECF No. 41-1, and not all of his claims are set forth in detail herein.

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to

2

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The substantive law establishes those elements on which a plaintiff bears the burden of proof at trial; only facts relevant to those elements of proof are considered for summary judgment purposes. *Id*. at 322. There is a genuine factual dispute between the parties only "when a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986).

Plaintiff Jarvis was incarcerated as a pretrial detainee in the custody of the Madison County Jail from September 28, 2016 through July 13, 2017. Defendants Dr. Zein and Jackson have raised the defense of qualified immunity. Government officials performing discretionary functions, such as the administration of medical care, are entitled to qualified immunity "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Easter v. Powell*, 467 F.3d 459, 462 (5th Cir. 2006) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982)). Once the qualified immunity defense is raised, the burden shifts to the plaintiff, who may rebut entitlement to immunity by demonstrating that "the official's allegedly wrongful conduct violated clearly established law." *Kovacic v. Villarreal*, 628 F.3d 209, 212 (5th Cir. 2010) (internal quotation marks and citation omitted).

It is clearly established that "pretrial detainees have a constitutional right, under the Due Process Clause of the Fourteenth Amendment, not to have their serious medical needs met with deliberate indifference on the part of the confining officials." *Thompson v. Upshur County, TX*, 245 F.3d 447, 457 (5th Cir. 2001) (citations omitted); see also *Hare v. City of Corinth, MS*, on rehearing en banc, 74 F.3d 633, 644-646 (5th Cir. 1996). For an official to act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). Mere negligence, even gross negligence, is insufficient. *Stewart v. Guzman,* 555 Fed. App'x., No. 13-10139 (5th Cir. Feb. 20, 2014). The underlying facts of a deliberate indifference claim "must clearly evince the serious medical need in question and the alleged official dereliction. A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Lewis v. Evans*, 440 F. App'x 263, 264 (5th Cir. 2011) (per curiam) (unpublished) (internal quotation marks and citations omitted).

To prevail on a deliberate indifference claim, a prisoner may meet his burden of proof "by showing that an official 'refused to treat him, ignored his complaints,

intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 422 (5th Cir. 2017) (quoting *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006)); see also *Sama v. Hannigan*, 669 F.3d 585, 590 (5th Cir. 2012). In defense, prison officials may show that they did not know of the indications of substantial danger and, therefore, were unaware of the danger, or that they knew the indications, but believed that the risk involved was "insubstantial or nonexistent," or that they "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844-45.

In support of their defense of qualified immunity, Defendants Zein and Jackson attached Jarvis's medical records for the dates of September 28, 2016, through December 28, 2016. [Exhibit B, 41-2]. These records confirm that these Defendants provided medical care to Jarvis the same day he was assaulted, on December 4, 2016. On that day, he complained of a cut on his upper lip and a scratch on one of his fingers. [41-2, p. 5]. The next day, he placed a sick call request complaining of pain in his eye and hand. He was examined on that day and prescribed a pain reliever for three days and referred to Defendant Dr. Zein. Dr. Zein examined Jarvis on December 6, 2016, checking his eyes, teeth and his hand.

5

[41-2, p. 20]. Dr. Zein prescribed medicated mouthwash and Naproxin to treat the pain in his teeth.

On December 18, 2016, Jarvis submitted another sick call request, complaining that his tooth was numb and that his vision was blurry [41-2, p. 14]. The medical staff performed a Snellen Eye Exam on him on December 20th, finding that his vision was 20/20 in his right eye and 20/15 in his left eye. Dr. Zein examined him again after the eye exam and ordered that his eye be x-rayed.

The x-ray report confirmed that Jarvis's eye was not fractured but that he had "multiple metallic densities" near his orbits and sinuses. [41-2, p. 23]. The examiner, Dr. Julie Farrell, opined that the fragments were correlated with his history of firearm discharges. Jarvis admitted at the omnibus hearing that he had had firearms discharged near his face when he was in the National Guard. [50-1, p. 23]. He testified regarding his medical complaints at the hearing [50-1, pp. 20-27], contending that the medical staff did not do enough because his vision is still impaired. He did concede that he was examined on the dates set forth in the records, that x-rays were taken, and that he received medications.

Plaintiff only named a "John Doe" physician in his initial Complaint and later asked that Dr. Zein be substituted. This Court directed him to file an Amended Complaint, specifically setting forth what Dr. Zein did wrong. [50-2, p. 27]. The

docket does not reflect that Plaintiff asked to amend thereafter, but his allegations in the initial Complaint, his omnibus hearing testimony, and his subsequent pleadings as to both Dr. Zein and Defendant nurse Jackson, shall be considered as to his medical claims. Jarvis described these claims against them at the omnibus hearing [50-1, p. 4] as follows:

> … I was kind of in a state of shock because of what had happened, so they – did x-rays, did eye exams and stuff like that. They didn't do nothing for my teeth because they said they don't do nothing and they didn't send me to a dentist or nothing. And my front tooth is cracked in half, four of my teeth are chipped, and I have trouble from time to time seeing out of the peripheral vision in my right eye. That's from me being struck from the incident. I had an eye exam done and an x-ray done on my right eye. But I haven't had no follow-up treatment, or when I told the doctor about it at Rankin County, he said I should have been seen by an optometrist.

Jarvis testified that Defendant Nurse Jackson was the head nurse and that he did not see her. But, he wrote a request to her because she was over all of them; he remembers her "coming in one time and telling the other nurses what they need to do for me." [50-1, p. 13-14].

Jarvis's complaint regarding his medical care is that no "follow-up" was ordered; he should have been seen by an optometrist, according to him. He charges that his doctor at Rankin County told him that. According to Jarvis, these two Defendants should have provided additional care for his eyes and for his broken

7

teeth. He does not describe in detail what the care should have been, just that more follow-up care was needed. Jarvis was moved from the Madison County Jail by July 13, 2017. [50-2, pp. 1, 62]. His request for injunctive relief against these Defendants is now moot, as Jarvis must obtain any further follow-up care at the facility where he is housed.

Although Jarvis wanted more "follow-up" care, the fact that he may not have been satisfied with the treatment or care he received is not indicative of its "unreasonableness." Further, a prisoner is not entitled to medical treatment of his choosing simply upon request. Jarvis concedes that he was immediately taken to the medical unit after he was assaulted, provided medications, given eye exams, and taken for x-rays. These Defendants did not prescribe further treatment, as the eye injury was found to be preexisting due to shrapnel, and dental work was deemed unnecessary. Although Jarvis wanted to be examined by both an optometrist and a dentist, a prisoner has no constitutional right to be seen by a specialist. *See Burge v. Stalder*, 54 Fed. Appx. 793 (5th Cir. 2002) (upholding the grant of a motion to dismiss where the inmate complained of a failure to refer him to a specialist or deliberate indifference where prison officials failed to honor inmate's request for treatment by such specialist); *Alfred v. Texas Dept. of Criminal Justice*, 80 Fed. Appx. 926 (5th Cir. 2003) (same); *Trujillo v. Arce*, 109 Fed.Appx.668 (5th Cir. Sept.

8, 2004) (prison doctor's decision to continue treating inmate without referring him to specialist showed only difference of opinion as to proper course of treatment).

Plaintiff's self-diagnosis of what medications or treatments he believed he needed states nothing more than a disagreement with the medical staff's decisions. The medical records, which contain evidence of examinations, medications, and diagnoses, do rebut Jarvis's contention that his medical care was constitutionally inadequate or that these Defendants were deliberately indifferent to a serious medical need of his. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995), citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th Cir. 1995).

It is doubtful that Jarvis's broken tooth would be considered a "serious medical need" under the applicable law, as his medical records describe his front tooth as having a chip and fracture and being "slightly mobile." [41-2, pp. 15, 20]. Many courts have dismissed prisoners' claims regarding dental care. *See, e.g., Vaccaro v. United States*, 125 F.3d 852, 1997 WL 574977, at *1 (5th Cir. 1997) ("[A] broken tooth cannot be characterized as a 'serious medical need' that would trigger Eighth Amendment protection."); *Marquez v. Quarterman*, No. 9:09cv71, 2010 WL 1064421, at *1 (E.D. Tex. Mar. 18, 2010) (granting summary judgment as to claims arising from prison's denial of requests for dentures); *Ledee v. Otwell*, No. 09cv744, 2010 WL 1142051, at *6-7 (W.D. La. Jan. 27, 2010) (finding inmate's allegations

9

regarding delay in seeing a dentist to be "frivolous and failing to state a claim upon which relief may be granted"); *McBride v. Coahoma County*, No. 2:07cv0176, 2008 WL 2704590, at *1, 3 (N.D. Miss. July 7, 2008) (determining that similar claims "fail[ed] to state a claim of constitutional dimension"); *Tucker v. Shepard*, No. 3:07cv465, 2008 WL 341653, (S.D. Miss. July 7, 2008).

In the undersigned's opinion, Plaintiff has failed to allege facts that would establish that these Defendants were deliberately indifferent to a serious medical need of his. Dr. Zein treated Jarvis as he saw fit several times; Defendant Jackson was not even his treating nurse. They did not refuse to treat him or ignore his complaints or intentionally treat him incorrectly. They are entitled to qualified immunity from this suit.

For these reasons, it is the opinion of the undersigned that the Motion for Summary Judgment [41] filed by Defendants Kimyuana Jackson and Dr. Mohammed Zein filed should be granted. The Complaint should be dismissed with prejudice as to them.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the

unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636; FED. R. CIV. P. 72(B); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 12th day of December 2018.

S/ Linda R. Anderson<br>UNITED STATES MAGISTRATE JUDGE